IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>ROBERT E. NILES,<br><br>                      Defendant. | 8:13-CR-252<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report (PSR) in this case. Both parties have objected to the PSR (filings 78 and 81). The Court has also received the defendant's Sentencing Memorandum. Filing 83.

      IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    Both parties have objected to the PSR on the grounds that it contains a higher drug quantity than agreed to in the parties' plea agreement. Filings 78 and 81. Under their Rule 11(c)(1)(B) plea agreement, the parties agreed that the defendant should be held responsible for between 40 and 60 kilograms of marijuana, resulting in a base offense level of 20 pursuant to U.S.S.G. § 2D1.1. Filing 63 at 4. By contrast, the probation officer determined that the defendant should be held accountable for 63.42 kilograms of marijuana, based upon the seizure of marijuana plants and processed marijuana contained in various jars, bags, and containers. PSR ¶¶ 34–38. The defendant further objects that "[w]ithout definitive evidence that the weight of the marijuana did not include the weight of the baggies, jars and containers, there is insufficient proof that the actual weight of the marijuana exceeds sixty kilograms." Filing 81 at ¶ 1. The Court will resolve these objections at sentencing.[1]

One additional matter bears noting. In January 2014, the U.S. Sentencing Commission proposed an across-the-board, two-level reduction for the base offense levels associated with the Drug Quantity Table of U.S.S.G. § 2D1.1.[2] In response, the Department of Justice has directed its prosecutors not to object if defendants currently set for

---

[1] The defendant previously objected to paragraph 58 of the PSR, which assessed him one criminal history point for a 2002 plea of guilty to possession of a controlled substance and resisting arrest, which was thereafter diverted to drug court and then dismissed 1 year later. PSR ¶ 58 & p. 21. The defendant has apparently retracted this objection, as he now asserts that his Criminal History Category was calculated correctly. Filing 83 at 1. In any event, the basis for the defendant's objection—that because the case went to drug court and was eventually dismissed, he should not receive any criminal history points—is without merit. *See* U.S.S.G. § 4A1.2(f).

[2] *See* News Release, U.S.S.C., *U.S. Sentencing Commission Seeks Comment on Potential Reduction to Drug Trafficking Sentences* (January 9, 2014), http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20140109_Press_Release.pdf (last visited May 5, 2014). The Commission has since adopted this amendment and submitted it to Congress for approval. *See* U.S.S.C., *Amendments to the Sentencing Guidelines* 13–25 (April 30, 2014), http://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20140430_Amendments.pdf.

sentencing seek to have the proposed guidelines applied.[3] This policy is contingent upon the defendant agreeing not to later seek a further two-level reduction in the event the proposed two-level reduction is adopted and made retroactive. *See* PSR ¶ 105. The defendant has so stipulated. Filing 81 at ¶ 2. Therefore, on its own motion, the Court tentatively finds that such a two-level variance is appropriate in this case.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 5th day of May, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[3] *See* News Release, Dep't of Justice, *Attorney General Holder Urges Changes in Federal Sentencing Guidelines to Reserve Harshest Penalties for Most Serious Drug Traffickers*, http://www.justice.gov/opa/pr/2014/March/14-ag-263.html.